IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | § | |
|---|---|---|
| EX PARTE FREDERICK HERROD | § | CIVIL ACTION NO. 5:22cv99 |
| | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Frederick Herrod, an inmate of the Federal Correctional Institution in Texarkana, has filed this civil action purportedly as a "motion to invoke the judicial power of Article III, Section 2, clause 1." Dkt. No. 1. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Although Petitioner has filed a "notice of refusal of consent" under 28 U.S.C. § 636(c), this does not affect the power of the district court to refer the case to the Magistrate Judge to make proposed findings of fact and recommendations for disposition under § 636(b), which power does not require the consent of the parties. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002).

**I. Petitioner's Motion**

Documents attached by Petitioner to his motion indicate that he pleaded guilty in the Western District of Arkansas to one count of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine on March 10, 2020, receiving a sentence of 108 months in prison. He also furnishes documents indicating that he has unsuccessfully sought relief under 28 U.S.C. § 2255 regarding this conviction. Although he ostensibly filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, the Arkansas district court construed it as a motion

1

under § 2255 and denied it on August 12, 2022.  Petitioner's appeal of this decision is pending.  *See United States v. Herrod*, crim. no. 5:19cr50094 (W.D.Ark.).

On August 12, 2022, Petitioner filed this "motion to invoke the judicial power" seeking release from confinement in his criminal case in the Western District of Arkansas, and, simultaneously, as a new case in the Eastern District of Texas. Petitioner states that the motion is "not be construed as any statutory congressional post-conviction remedy. This is a motion requesting the use of the 'judicial power of an individual Article III judge,'" which judicial power Petitioner argues may be exercised by an individual federal judge, independent of statutes or rules of procedure.

Petitioner asserts that the court has jurisdiction to entertain the motion under Local Rule CV-7(l) governing emergency motions, and that when a federal court is appealed to in a case over which it has jurisdiction, it is the court's duty to take such jurisdiction.  He contends that the court has the power to do so, and "if granted, the individual judge has the judicial power, which is jurisdiction, to extend to all cases in law and equity arising under the Constitution and laws of the United States."

Petitioner includes an extensive discussion of the term "judicial power," including that "it is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action, he must show that he has sustained or is immediately in danger of sustaining a direct injury as a result of that action," *citing Ex Parte Levitt*, 302 U.S. 633, 634 (1937). Following this, Petitioner again maintains that his motion is not an application for the writ of habeas corpus.  He says that the Legislature has enacted "statutory habeas substitutes [i.e. 28 U.S.C. § 2255] that have caused the petitioner to sustain and be in immediate danger and also sustain a direct injury as a result of the actions after the petitioner has shown a probable ground that he is imprisoned without just cause."  However, he complains that procedural barriers allowed by Congress, enacted with the statutory habeas substitute, cause injury because "the procedural barriers prevent the petitioner from being discharged for unlawful imprisonment." Petitioner states that he has sought relief under the All Writs Act, 28 U.S.C. § 1651, and under the

judicial power of an Article III judge from the 8th Circuit, but these requests were denied through the court's "equitable discretion."

Petitioner asserts that these legislative procedures and actions are equivalent to "cyclical abuses of the writ of habeas [corpus] in which the suspension clause protects," and these abuses have caused him immediate danger and direct injury because they prevent him from being discharged from illegal imprisonment. He complains that the State of Arkansas subjected him to double jeopardy, apparently by prosecuting him in state court when he received 108 months in prison in federal court. Petitioner sets out his request for relief in a motion for leave to amend (Dkt. No. 3) as follows:

> In accordance with Supreme Court precedent *Ex Parte Levitt*, 302 U.S. 633, 634 and also other Supreme Court precedent cited in this motion, the petitioner requests that upon proving legislative action that caused immediate danger and direct injury, he be allowed to use an individual judge's Article III judicial power that is inherent authority distinct from Article III of the U.S. Constitution which extends to all cases and controversies in law and equity arising under it. Petitioner requests relief from the Article III judicial power to reach the ends of justice. The petitioner does not mention relief from habeas because the court uses cyclical abuses of the writ to construe the petitioner's motion in which is placed under statute, in turn giving it no effect or power in the court. Petitioner request the district judge issue the order and make it binding on the court all parties (whoever), also that the judge may not avoid this motion, usurping the judicial power. And that the petitioner receive relief under the fundamental law consistent with the U.S. Constitution, and also that the petitioner not be forced to use the legislative statutory power to fight the legislative power.

In a motion for ex parte injunction (Dkt. No. 5), Petitioner states that he has proven by a preponderance of the evidence that he has a likelihood of success on the merits. He contends that he will suffer irreparable injury because he is not allowed the "privilege" of habeas corpus, and he is illegally imprisoned because of "the legislative congressional habeas substitute statutes that restrict the power of the privilege of habeas as defined and understood by the framers of the constitution in Article I, section 9, clause 2."

Petitioner says that an individual judge's "judicial power, independent from congressional influence or statute is vital and a key element to petitioner receiving his pure fundamental rights under the U.S. Constitution." He says that he faces threatened injury because he will not receive all

3

he is legally entitled to receive - the privilege of habeas corpus, as well as "the Article III judicial power which extends to all cases in law and equity arising under the Constitution and laws of the United States."

Next, Petitioner asserts that "the public interest weighs in favor of the court interfering with the [Federal Rules of Appellate Procedure] and United States Code Annotated structure and organization of the district and appeal courts concerning the use of the judicial power which shall extend to all cases in law and equity arising under the Constitution and laws of the United States., as required by Article III of the U.S. Constitution." He maintains that the citizens of the United States are served when federal judges implement "fundamental law" in place of congressional statutes enacted to make kinds of policy decisions and judgment calls that affect substantial due process such as the use of the "Article III judicial power" and the privilege of habeas corpus as the framers understood it.  For relief, Petitioner asks that the district judge "himself exercise his inherent Article III judicial power and authority, independent from congressional influence or statute, and grant relief to the petitioner," citing *McNally v. Hill*, 293 U.S. 131, 135 (1934) (*overruled by Peyton v. Rowe*, 88 S.Ct. 1549 (1968)) and *Boumediene v. Bush*, 553 U.S. 723, 787 (2008). Similarly, in a motion for judgment on the pleadings (Dkt. No. 6), Petitioner asks that the "judicial power issue the writ in its purest form under Article I, Section 9, clause 2 of the U.S. Constitution which has no congressional, statutory, or judge-made barriers."

In a motion for judicial notice filed on September 26, 2022 (Dkt. No. 7), Petitioner acknowledges that the Ninth Circuit has held that the "operative provisions" of the Anti-Terrorism and Effective Death Penalty Act of 1996 do not violate the Suspension Clause, but nonetheless contends that the Act's "modifications" of habeas corpus violate the Suspension Clause as to him because they deny him the privilege of habeas corpus.  He asks that the district court send a certified question to the U.S. Supreme Court on this matter.

## II. Discussion

The Fifth Circuit has consistently held that 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may challenge the legality of his conviction, unless this remedy is shown to be inadequate or ineffective. *See, e.g.*, *Solsona v. Warden,* F.C.I., 821 F.2d 1129, 1131-32 (5th Cir. 1987); Cox *v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). This requirement does not violate the Suspension Clause. *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001).

Petitioner seeks to avoid this long-settled authority by postulating a hypothetical "inherent judicial power" which is separate and apart from federal statutes or applicable rules. However, the Supreme Court has explained that while federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or Congress, this does not include the power to develop rules which circumvent or conflict with the Federal Rules of civil or criminal procedure. *Carlisle v. United States*, 517 U.S. 416, 425-28 (1996). The inherent powers of the courts must be "exercised with great caution," *see Ex Parte Burr*, 9 Wheat. 529, 531, 6 L.Ed. 152 (1824) and normally encompass those powers which are necessary to the exercise of all others. *Roadway Express Inc. v. Piper*, 447 U.S. 752, 764 (1980), *citing United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812).

In *Carlisle*, the Supreme Court held that the district court lacked the inherent power to grant an untimely motion for judgment of acquittal because such an action would contradict the plain language of the Federal Rule of Criminal Procedure's filing limit. Similarly, this Court lacks inherent power to grant Petitioner's request to set aside his sentence outside of the framework created by 28 U.S.C. § 2255. Petitioner offers nothing to suggest that the remedy under § 2255 is inadequate or ineffective beyond the mere fact that it was unsuccessful, which is not sufficient to allow proceedings under 28 U.S.C. § 2241, much less the inherent powers of the court. *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000) (prior unsuccessful § 2255 motions, procedural bars, or prohibitions against successive petitions do not establish that the remedy under § 2255 is

inadequate or ineffective). None of the cases cited by Petitioner provide any basis for finding that a district court has the inherent power to set aside a federal conviction outside of the framework of 28 U.S.C. § 2255. Although Petitioner cites Local Rule CV-7(l), this rule refers to the procedures for filing emergency motions and is not a grant of jurisdiction.

Petitioner specifically and repeatedly states that he is not seeking relief under § 2255 or in habeas corpus, but through what he perceives as the inherent power of the Court. Because the Court's inherent powers do not encompass the remedy he seeks, his petition lacks merit on its face and must be dismissed.

## RECOMMENDATION

It is accordingly recommended that the Petitioner's "motion to invoke the judicial power of Article III, Section 2, clause 1" be denied and that the above-styled civil action be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 17th day of October, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE