IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

*EX PARTE* FREDERICK HERROD, § § § § § § § § § § § § §  Civil Case No. 5:22-CV-99-RWS-JBB

Petitioner.

## ORDER

Petitioner Frederick Herrod, proceeding *pro se*, filed the above-styled and numbered civil action with his "Motion to Use (Invoke) the 'Judicial Power' of Article 3, [Section] 2, [Clause] 1 of the [United States] Constitution Extending to All Cases in Law and Equity Arising Under the Constitution and Laws of the United States. 'Emergency Motion.' " Docket No. 1. The Magistrate Judge has issued a report recommending that Herrod's motion be denied and that the case be dismissed with prejudice. Docket No. 8. Petitioner filed objections where he "agree[d] with the [M]agistrate [J]udge because he is correct" but objected because Petitioner "attempted to cure the deficiencies with a superceding [sic] amended complaint/petition." Docket No. 11 at 1.

After conducting a *de novo* review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C). The court must conduct a *de novo* review of any portion to which any party files an objection. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3); *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). However, any portion that is not objected to is reviewed for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole." *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006) (citations omitted).

In his original motion, Petitioner specified that his case was "not to be construed as any statutory congressional post-conviction remedy" (presumably meaning a motion to vacate or correct sentence under 28 U.S.C. § 2255). Docket No. 1 at 1. Instead, Petitioner stated that his petition was "a motion requesting the use of the 'judicial power of an individual [A]rticle [III] judge.'" *Id.* He argues that Congress has enacted "statutory habeas corpus substitutes" (referring to Section 2255) that have caused him to be in danger because he is "imprisoned without just cause . . . . because the procedural barriers [attendant to Section 2255] prevent [Petitioner] from being discharged for unlawful imprisonment." *Id.* at 1–2. Petitioner argued that federal judges have "inherent judicial power" which is separate and apart from federal statutes or applicable rules. He asked that the Court use this power to grant him relief under Article I, Section 9, Clause 2 of the United States Constitution and to discharge him from this allegedly unlawful confinement. *Id.* at 2–6.

After review of the pleadings, the Magistrate Judge issued a report recommending that the petition for relief be denied. Docket No. 8. The Magistrate Judge explained that 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner can challenge the legality of his conviction, unless this remedy is shown to be inadequate or ineffective. *Id.* at 5 (citations omitted). While Petitioner seeks to avoid this rule by postulating a hypothetical "inherent judicial power," the Magistrate Judge determined "that while federal courts may, within limits, formulate procedural rules not specifically required by the Constitution or Congress, this does not include the power to develop rules which circumvent or conflict with the Federal Rules of civil or criminal procedure." *Id.* The Magistrate Judge also explained that the Court lacked inherent power to set aside Petitioner's sentence outside of the framework created by 28 U.S.C. § 2255. *Id.* The Magistrate Judge then observed that Petitioner offered nothing to suggest that the remedy under 28 U.S.C. § 2255 was inadequate or ineffective beyond the mere fact that it was unsuccessful, which is not sufficient to allow proceedings under Section 2241 or to invoke any inherent powers of the Court.

*Id.* at 5–6. The Magistrate Judge therefore recommended that the petition be dismissed. *Id.* at 6–7.

Because Petitioner acknowledged that the Magistrate Judge's report was correct in his objections, the Court will focus on the Petitioner's amended petition. *See generally* Docket No. 10. In his amended petition, Petitioner seeks to change the caption of his petition from "motion to invoke the judicial power" to "civil rights complaint pursuant to 28 U.S.C. § 1331." Docket No. 10 at 1. He again says that his petition is not an application for habeas corpus, but that Congress has enacted "statutory habeas substitutes that have caused the [P]etitioner to sustain and be in immediate danger and sustain a direct injury" and that he has shown "a probable ground that he is imprisoned without just cause." *Id.* at 2. Petitioner alleges that procedural barriers allowed by Congress prevent him from exercising his affirmative right to a judicial inquiry into the cause of his detention. *Id.* He refers to the Suspension Clause and says that if a modification of the pre-conditions for habeas relief affects the privilege of an affirmative right to inquiry into the cause of detention, then it "unambiguously causes the petitioner to be in immediate danger and cause direct injury." *Id.* at 3.

After an extensive discussion of what Petitioner believes the Framers intended with the writ of habeas corpus, Petitioner states that he can "easily point to a 'modification of the preconditions for statutory habeas relief' [affecting] the 'guarantee of an affirmative right of judicial inquiry into the cause of detention.'" *Id.* at 4. He says that he has proven that 28 U.S.C. § 2255 is inadequate or ineffective; he cites to what he terms Exhibits 98 and 99, but the exhibits attached to his amended petition are numbered Exhibits 97 and 98 (Docket Nos. 10-2 and 10-3). These exhibits consist of an opinion from the Western District of Arkansas dated August 12, 2022, denying Petitioner's motion to vacate or correct sentence under 28 U.S.C. § 2255, and an order dated October 12, 2021, directing Petitioner to file an amended brief in support of his motion to construe his petition under 28 U.S.C. § 2241 in accordance with the savings clause of Section

2255.¹ Petitioner also attaches an exhibit which he numbers as 994 (Docket No. 10-6), consisting of a page from a law book containing 28 U.S.C. § 1331. This statute provides that district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Although he refers to an exhibit numbered 99, there does not appear to be an exhibit bearing this number; the document which he quotes in his amended petition as being "Exhibit 99" in fact appears in his original complaint as Appendix W (*see* Docket No. 1-6 at 3). Appendix W includes an order from the Western District of Arkansas dated December 14, 2021, directing Petitioner to either (1) consent to the Court's reclassification of his habeas petition as a Section 2255 motion and proceed on his pleadings, (2) consent to the reclassification and file an amended Section 2255 petition, or (3) withdraw his petition. Petitioner does not explain how any of these exhibits show that the remedy available under Section 2255 is inadequate or ineffective.

      Petitioner argues that his Section 2255 petition shows that he was subjected to double jeopardy because he was prosecuted by both the State of Arkansas and the federal government on the same drug charges. Docket No. 10 at 5. He also asserts that his petition shows that Federal Rule of Criminal Procedure 7(b) is unconstitutional because it permits a defendant to waive his right to indictment by a grand jury and plead guilty to an information for an "infamous crime." *Id.* And he asserts that the court determined an issue resolved on direct appeal cannot be relitigated in a Section 2255 proceeding, which Petitioner states is "evidence of res judicata applied against [P]etitioner which affected his affirmative right to a judicial inquiry into the cause of detention," as the Framers required for habeas corpus petitions. *Id.* at 6 (citing Ex. 99 (*see* Docket No.1-6 at

---

¹ Court records furnished by Petitioner show that he pleaded guilty in the Western District of Arkansas to possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine on March 10, 2020, receiving a sentence of 108 months in prison. Docket No. 1-2. He filed a petition invoking 28 U.S.C. § 2241 in the Arkansas district court, but the court construed it as a motion under 28 U.S.C. § 2255 and denied it on August 12, 2022. On November 15, 2022, the Eighth Circuit Court of Appeals affirmed the dismissal of Petitioner's motion through the denial of a certificate of appealability. *United States v. Herrod*, slip op. no. 22-2935 (8th Cir., Nov.15, 2022).

4)). He argues that the application of res judicata renders the remedy under Section 2255 inadequate or ineffective to test the legality of his detention, effectively suspending the privilege of habeas corpus. *Id.*

The opinion from the Western District of Arkansas denying Petitioner's Section 2255 motion, attached as Exhibit 97 (Docket No. 10-2) to his amended complaint, rejects Petitioner's argument that his motion should have been considered under Section 2241 rather than Section 2255. Docket No. 10-2 at 1. The opinion also states that while Petitioner complains of double jeopardy, this doctrine does not apply because the State of Arkansas and the federal government are separate sovereigns and may each prosecute the same unlawful conduct without offending the Constitution. *Id.* at 2. Petitioner says in his amended complaint that "the district judge made a lackluster effort to address [his] claims" by pointing to the dual sovereignty doctrine. Docket No. 10 at 8. He then argues that "because the court lacked the power under the [Section] 2255 statute (and didn't have the power of § 2241(c)(3)) [that] the judge proceeded to evade the petitioners [sic] 14th Amendment claim when he was processed and detained under the color of state law, and also his 5th Amendment claim that he was convicted without an indictment for a crime against the [United States] without going before a grand jury." *Id.*

The Supreme Court has held that the gatekeeping provisions of 28 U.S.C. § 2255, which restrict a prisoner's ability to bring new and repetitive claims in successive petitions, do not violate the Suspension Clause. *Boumediene v. Bush*, 553 U.S. 723, 774 (2008) (citation omitted). And the Fifth Circuit has consistently held that claims which are raised and rejected on direct appeal are not cognizable in a Section 2255 petition. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). Thus, the Western District of Arkansas's holding does not violate the Suspension Clause. Additionally, Petitioner offers nothing to suggest that the Arkansas district court lacked the power to adjudicate his Section 2255 motion, much less that the court's determination of his double

jeopardy claim based upon the dual sovereignty doctrine was in error.

Furthermore, Petitioner's request for relief based upon the hypothetical "inherent powers of the court" lacks foundation in law. The federal courts do have certain inherent powers, including but not limited to, the power to control admissions to its bar and discipline attorneys who appear before it as well as the power to punish for contempt, to correct fraud on the court, to control the courtroom, to dismiss for forum non conveniens, and to *sua sponte* dismiss for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991); *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 561–64 (3rd Cir. 1985). These powers are necessary to control and direct the conduct of litigation and are exercised without any express authorization in a constitution, statute, or written order of court. However, the Supreme Court has recognized that, because Congress created the federal district and circuit courts, it may statutorily limit their inherent powers, so long as such limitations are clearly reflected by statute. *Chambers*, 501 U.S. at 47. In this case, Congress has specifically limited the courts' inherent power to hear second or successive petitions for collateral relief. *Felker*, 518 U.S. at 664; *United States v. Springer*, 875 F.3d 968, 980 (10th Cir. 2017). Thus, Petitioner's request for relief through the Court's inherent power is without merit.

In his amended petition, Petitioner states that he wishes to recharacterize his petition as a civil rights complaint under 28 U.S.C. § 1331. In a "motion for additional relief" (Docket No. 12), however, Petitioner states that if his amendment is granted and his claim has merit, he asks that his complaint be construed as a habeas corpus petition under 28 U.S.C. § 2241 and that he be awarded the writ of habeas corpus.

The primary means for collaterally attacking a federal conviction and sentence is 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A habeas corpus petition under Section 2241 may only be used to challenge a federal conviction and sentence where the petitioner can show that the remedy under Section 2255 is "inadequate or ineffective to test the legality of

detention." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). The fact that a previous Section 2255 motion was unsuccessful, or that a second such motion could be deemed successive, does not establish that the remedy under Section 2255 is inadequate or ineffective. *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). To make such a showing, a petitioner must demonstrate that his claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and that such claim must have been foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Here, because Petitioner has wholly failed to make such a showing, his invocation of 28 U.S.C. § 2241 lacks merit.

To the extent Petitioner styles his complaint as a civil rights lawsuit, his claim lacks merit because he seeks release from prison; however, he cannot obtain release from a federal conviction through the vehicle of a civil rights lawsuit, but only through a Section 2255 motion or the savings clause. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In any event, in the absence of any viable claim under Section 2241 through the savings clause, this Court lacks jurisdiction to set aside a conviction from the Western District of Arkansas. *See Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987).

Petitioner has also filed a brief in support of a claim under 28 U.S.C. § 2513. Docket No. 14. This statute provides that a person seeking monetary compensation in the United States Court of Federal Claims for unjust conviction and imprisonment under 28 U.S.C. § 1495 must allege and prove that his conviction has been reversed or set aside on the ground that he was not guilty or has been pardoned, and that he did not commit any of the acts with which he was charged, his acts or omissions did not constitute an offense, and he did not bring about his own prosecution through misconduct or neglect. Under 28 U.S.C. § 1495, the United States Court of Federal Claims shall

have jurisdiction to render judgment upon any claim for compensation by a person unjustly convicted of an offense against the United States and imprisoned. Petitioner has failed to show that his conviction has been reversed or set aside on the ground that he was not guilty or has been pardoned; in any event, the United States District Court for the Eastern District of Texas lacks jurisdiction to render judgment under 28 U.S.C. § 1495 or § 2513.

Petitioner has also filed two additional motions, of which the first is a motion to "effectuate Local Rule CV-7(l)" and the second is a "motion for additional relief." In his motion to effectuate Local Rule CV-7(l) (docket no. 15), he contends that his case is *ex parte* and so there is not a defendant; instead, Petitioner claims that the Court must respond to his petition in less than 14 days because he is suffering irreparable injury due to being wrongly imprisoned. Local Rule CV-7(l) provides that emergency motions are those necessary to avoid immediate, irreparable harm, and explains the procedure for filing such motions. Petitioner has not shown that he is facing immediate, irreparable harm and his suggestion that the Court must respond to his petition within 14 days lacks merit.

Petitioner's motion for additional relief (Docket No. 16) states that if his petition is construed as a habeas petition under 28 U.S.C. § 2241, he asks that the writ be awarded forthwith, but there may be other factors preventing this. He argues that if the Court finds that there is not enough information about the facts surrounding the cause of his detention, the Court must issue a show cause order to Petitioner's custodian, but if the judge "conducts discovery on his own to view documents concerning Petitioner's detention" that this could prevent additional delay. *Id.* at 1. He also asks for leave to "file a 28 U.S.C. § 2241 with no procedural barriers." *Id.* at 2. Petitioner's suggestion that the Court should conduct *sua sponte* discovery lacks merit, and his request to file a habeas petition "without procedural barriers" appears to be an attempt to circumvent statutory requirements set out in the Anti-Terrorism and Effective Death Penalty Act of 1996. This motion

likewise lacks merit.

Finally, the Court has reviewed Petitioner's Motion for Judicial Notice. Docket No. 18. This motion requests that the Court "scrutinize all of the proposed amendments" and clarifies "that the superseding amended petition/complaint [(Docket No. 10)] was to supersede" Docket Nos. 1, 3, 5, 6, 7. *Id.* at 1. Petitioner also states that "alot [sic] of suspension claims fail because the petitioner's [sic] argue a 'suspension' of the writ instead of the 'privilege' of writ," and he asks the Court "to pay close attention" to his argument *Id.* Having closely reviewed Petitioner's arguments, as explained above, the Court find that none have merit.

The Court has carefully reviewed Petitioner's amended complaint and motion to supplement the relief portion of the amended complaint. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the claims raised in the Petitioner's original and amended complaints are without merit. It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Docket No. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit shall not affect Petitioner's right to challenge his conviction through any lawful means. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So ORDERED and SIGNED this 10th day of January, 2023.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE